IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREGORY RYAN WEBB | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:25-cv-00019 |
| | ) | |
| JESSICA DANIELLE HILL, JOSH | ) | Judge Aleta A. Trauger |
| TOLLETT, JOSH TOLLETT MASONRY, | ) | |
| QUALITY OF LIFE HOME HEALTH | ) | |
| CARE | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS JOSH TOLLETT AND JOSH TOLLETT MASONRY'S MOTION TO DISMISS**

Defendants Josh Tollett ("Mr. Tollett") and Josh Tollett Masonry ("JTM") (collectively the "JTM Defendants"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Memorandum of Law in support of their Motion to Dismiss all claims against them contained in the Complaint filed by Plaintiff Gregory Ryan Webb with prejudice, for failure to state a claim upon which relief can be granted.

As argued more fully below, even reading the Complaint in a light most favorable to Plaintiff, the apparent claims of stalking, conversion, denial of right to religion, kidnapping, burglary, denial of equal protection, harassment, and violation of his right to privacy do not any allege any specific conduct on behalf of JTM, and all claims against JTM should be dismissed for failure to state a claim upon which relief may be granted.

1

FACTS AND PROCEDURAL HISTORY

Plaintiff's Complaint[1] alleges that the JTM Defendants, Jessica Hill, and Quality of Life Home Healthcare engaged in some sort of conspiracy against the Plaintiff.[2] The Complaint makes numerous other allegations against other parties which appear to be related to other cases that Plaintiff has filed in the Middle District of Tennessee.[3] However, reading the Complaint in a light most favorable to Plaintiff, as required at the Rule 12 stage, the Complaint appears to assert the following claims against JTM: wrongful termination, stalking, conversion, denial of right to religion, kidnapping, entrapment, burglary, denial of equal protection, harassment, and violation of his right to privacy.

RULE 12 LEGAL STANDARD

When considering a complaint, a trial court generally applies the Rule 12(b)(6) standard.[4] The movant and trial court must accept "all well-pleaded allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to

---

[1] Plaintiff's Complaint ("Compl.") filed on January 3, 2025.
[2] Compl. p. 1.
[3] While an inmate at the Cumberland County Sheriff's Department, Plaintiff filed multiple cases that have now been dismissed. See *Gregory Ryan Webb v. Lewana Castillo Webb, et al.*, Case No. 2:23-cv-00009, Docket Entry No. 17; *Gregory Ryan Webb v. Board of Judicial Conduct, et al.*, Case No. 2:23-cv-00010, Docket Entry No. 25; *Gregory Ryan Webb v. Lewana Castillo Webb*, Case No. 2:23-cv-00012, Docket Entry No. 11; *Gregory Ryan Webb v. Craig Fickling, et al.*, Case no. 2:23-cv-00013, Docket Entry No. 19; *Gregory Ryan Webb v. Gary McKenzie, et al.*, Case No. 2:23-cv-00014, Docket Entry No. 3; *Gregory Ryan Webb v. Sheriff Casey Cox*, Case No. 2:23-cv-00020, Docket Entry No. 7; *Gregory Ryan Webb v. Bryant Dunaway, et al.*, Case No. 2:23-cv-00017, Docket Entry No. 12; *Gregory Ryan Webb v. Ivy Gardner Mayberry, et al.*, Case No. 2:23-cv-00025, Docket Entry No. 10; *Gregory Ryan Webb v. Tracking System*, 2:23-cv-00029, Docket Entry No. 7; *Gregory Ryan Webb v. Lewana Castillo Webb*, Case No. 2:23-cv-00032, Docket Entry No. 6; *Gregory Ryan Webb v. Republican Party of Cumberland County, TN*, Case No. 2:24-cv-00039, Docket Entry No. 30; *Gregory Ryan Webb v. State of Tennessee*, Case No. 2:24-cv-00040, Docket Entry No. 22. Plaintiff has continued to file additional actions, including the instant case and a similar case against Defendant and other parties in *Gregory Ryan Webb v. Jessica Danielle Hill, et al.*, Case No. 3:25-cv-00019; *see also Gregory Ryan Webb v. DHS Dayton, TN*, Case No. 3:25-cv-00021; *Gregory Ryan Webb v. Verizon Wireless Crossville, TN*, 3:25-cv-00022.
[4] *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

relief.'"[5] However, an assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

The Complaint in this case consists of "bare allegations" presented without the necessary "factual context" to "render [them] plausible and thus entitle [them] to a presumption of truth at this stage in the litigation."[7] Where a party is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to *pro se* complaints."[8]

LAW AND ARGUMENT

1. <u>Stalking, Harassment, Burglary, and Kidnapping</u>

To the extent that the Complaint seeks to assert Tennessee state law claims for "stalking," "harassment," "burglary," or "kidnapping," those are criminal charges rather than private tort causes of action.[9]

Moreover, the Complaint does not allege that Mr. Tollett or JTM ever contacted him without consent.[10] Plaintiff alleges that defendants stalked him through "tracking and audio" and stalked him in Illinois and Tennessee.[11] Plaintiff also alleges that defendants burglarized his truck.[12] This is not only inappropriate because burglaries may only occur when a person unlawfully enters a building, not a vehicle, but also because Plaintiff's statement failed to factually allege the

---

[5] *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).
[6] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).
[7] *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681).
[8] *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Circ. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).
[9] Tenn. Code Ann. 39-17-308; Tenn. Code Ann. § 39-17-315; Tenn. Code Ann. § 39-13-1002.
As for the claim of tortious civil kidnapping, Tennessee does not recognize this as a civil cause of action. See *Monroe v. McNairy County*, 850 F. Supp. 2d 848, 876 (W.D. Tenn. 2012).
[10] *See Gamrat v. Allard*, 320 F. Supp. 3d at 946 (internal citations omitted.)
[11] Compl. p. 1; Compl. p. 3.
[12] Compl. p. 3.

3

Case 3:25-cv-00019    Document 9    Filed 04/25/25    Page 3 of 8 PageID #: 50

presence of the other elements. These statements are bare, rather than factual, allegations and insufficient as a civil claim. Plaintiff's Complaint likewise fails to allege any specific acts by JTM to stalk, harass, burglarize, or kidnap Plaintiff.[13]

2. Conversion

Plaintiff states that his medication "kept coming up missing," but he does not state how it was going missing or if they were taken by someone else.[14] He also stated that defendants are involved with the theft of his mail.[15] To the extent that the Complaint may be read to assert claims for conversion of property against JTM, the following elements must be met:

> The elements of a conversion claim include: (1) an appropriation of another's tangible property to one's use and benefit; (2) an intentional exercise of dominion over the chattel alleged to have been converted; and (3) defiance of the true owner's rights to the chattel.[16]

However, Plaintiff does not allege any specific acts of Mr. Tollett or JTM unlawfully taking Plaintiff's property. The Complaint does not identify the actor or the parties responsible for the "missing" medication. Plaintiff accuses defendants of being involved with the theft of his mail, but he does not state any other facts to support this. To the extent that the Complaint seeks to assert claims of conversion, it is subject to dismissal under Rule 12 because it is factually insufficient.

3. Denial of right to religion, and denial of equal protection

Plaintiff's potential claims of denial of right to religion and denial of equal protection only apply to state actors. Plaintiff did not allege specific acts by Mr. Tollett or JTM, and neither Mr. Tollett, nor JTM are state actors.

---

[13] Plaintiff's Complaint does make the outrageous allegation that Mr. Tollett had a sexual relationship with Defendant Hill, which is unrelated even to a factual claim of harassment.
[14] Compl. p. 2.
[15] Compl. p. 9.
[16] *White v. Empire Express, Inc.*, 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012).

4

A private actor cannot deny someone's First Amendment rights, including their freedom of religion.[19] A claim for a denial of religion is only actionable if the state actor denies the right or if a private actor is performing a public function. Mr. Tollett and JTM are both private actors who perform private functions. To the extent that the Complaint asserts such claims against Mr. Tollett or JTM, they fail to state a claim upon which relief may be granted as to Mr. Tollett or JTM.

The Equal Protection Clause mandates that the state cannot deprive a person of their rights without equal protection of the law. Mr. Tollett and JTM are not state actors, so these claims should be dismissed under Rule 12.

4. Violation of Right to Privacy

Plaintiff stated that defendants were "illegally recording" him and were "tracking" the location of his phone and truck.[20] At another point in his Complaint, Plaintiff specifically alleged that defendants violated his right to privacy, but he did not give any factual support.[21] The constitutional right of privacy exists in two forms, which include protecting against unwarranted disclosure of personal matters, as well as against governmental interference in making certain types of fundamental personal decisions.[22] To the extent that Plaintiff's statements may be read as claims for a violation of Plaintiff's right to privacy, it is invalid and should be dismissed because the defendants did not disclose any information pertaining to the Plaintiff. Also, the defendants are not state actors, who have the potential to violate these rights. Plaintiff also fails to give any context as to where, how, why, or when defendants were allegedly recording him or what they did with this alleged recording. Plaintiff did not offer any facts regarding the alleged tracking. Under Rule

---

[19] *Canter v. Disability Network W. Mich.*, 2023 U.S. App. LEXIS 23369, *13 (citing *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000)).
[20] Compl. p. 3; Compl. p. 10.
[21] Compl. p. 9.
[22] *Mercure v. Van Buren Twp.*, 81 F. Supp. 2d 814, 82 (E.D. Mich. 2000) (internal citations omitted.)

5

Case 3:25-cv-00019    Document 9    Filed 04/25/25    Page 5 of 8 PageID #: 52

12, this claim should be dismissed because it is baseless and without sufficient factual support, even under the liberal standard afforded to pro se plaintiffs.

5. <u>Wrongful termination</u>

With respect to termination of Plaintiff's employment, Plaintiff does not state that that his termination was wrongful in any way, only that he suffered a "loss of employment.[23] To the extent that Plaintiff may have a cause of action under Title VII of the Civil Rights Act, it is not timely under the applicable statute of limitations, and Plaintiff has not shown that he filed timely charges with the Equal Employment Opportunity Commission (EEOC) or received a right-to-sue letter from the EEOC.[24] Similarly, to the extent that the Complaint seeks to assert a claim under the Tennessee Human Rights Act, the facts alleged make it clear that the applicable one-year statute of limitations has elapsed.[25] To the extent that the Complaint contains any wrongful termination claim, such a claim fails to state a claim upon which relief may be granted.

8. <u>Conspiracy</u>

Plaintiff's Complaint at several points mentioned the term "conspiracy." He also alleged that defendants "conspired in vandalism(s)" to his truck and "conspiracy to detour all from 2021 timeline."[26] For majority of Plaintiff's conspiracy claims, he did not state what unlawful act or unlawful purpose the defendants had a conspiracy to commit. Under Tennessee law, the elements for a civil conspiracy are:

> (1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) injury to person or property resulting in attendant damage.[27]

---

[23] Compl. p. 10.
[24] 29 U.S.C. § 626(d); 42 U.S.C. § 2000c-5(f)(1).
[25] Tenn. Code. Ann. § 4-21-311(d).
[26] Compl. p. 7; Compl. p. 9.
[27] *Hauck Mfg. v. Astec Indus.*, 375 F. Supp. 2d 649, 660 (E.D. Tenn. 2004). See *Menuskin v. Williams*, 145 F.3d 755, 770 (6th Cir. 1998); *Braswell v. Carothers*, 863 S.W.2d 722, 727 (Tenn. Ct. App. 1993).

6

To the extent that this may be considered an attempt to allege civil conspiracy, the Complaint does not allege any specific acts, let alone any unlawful act or unlawful purpose, by Mr. Tollett or JTM. The allegations in the Complaint are "bare allegations" presented without the necessary "factual context" to "render [them] plausible and thus entitle [them] to a presumption of truth at this stage in the litigation."[30] Even when construed in the light most favorable to Plaintiff, the allegations statements in Plaintiff's Complaint do not state a claim for civil conspiracy upon which relief may be granted, and are subject to dismissal under Rule 12.

## CONCLUSION

WHEREFORE, defendant Josh Tollett Masonry respectfully asks this Court to dismiss Plaintiff Gregory Ryan Webb's Complaint under Federal Rule of Civil Procedure 12, with prejudice, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: /s/*Peter Robison*
    Peter C. Robison, BPR #27498
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    (615) 259-1366
    probison@lewisthomason.com

*Counsel for Defendants Josh Tollet and Josh Tollett Masonry*

---

[30] *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681).

## CERTIFICATE OF SERVICE

    This certifies that a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS has been served on the following:

| | |
|---|---|
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☐ Email | Gregory Ryan Webb<br>329 E. Tanner<br>Waverly, IL 62692 |

This the 25th day of April 2025.

                                          /s/ *Peter Robison*
                                          Peter Robison