IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GREGORY RYAN WEBB,** | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-00019 |
| v. | ) |
| | ) Judge Trauger |
| **JESSICA DANIELLE HILL,** *et al.*, | ) Magistrate Judge Newbern |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Waverly, Illinois, filed this pro se action under 42 U.S.C. § 1983 against Jessica Danielle Hill, Josh Tollett, Josh Tollett Masonry, and Quality of Life Home Healthcare. (Doc. No. 1). Webb also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) and a Motion to Appoint Counsel (Doc. No. 3). Defendants Josh Tollett Masonry and Josh Tollett (collectively "JTM Defendants") have filed a Motion to Dismiss for Failure to State a Claim (Doc. No. 8), to which Plaintiff has not responded.

### I. FILING FEE

The Court may authorize a person to file a civil suit without rpaying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid

1

without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

Plaintiff's IFP Application (Doc. No. 12) reflects that he is unable to bear the costs of paying the filing fee in this case. Plaintiff states that his monthly income is "less than $1000", his monthly expenses total "$2000ish", and he currently has less than $1 each in Cash App and Venmo. (*Id*. at PageID# 60-64) Therefore, Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

## II. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint alleges that the JTM Defendants, Jessica Hill, and Quality of Life Home

2

Healthcare engaged a conspiracy against Plaintiff to commit vandalism to his truck, "to detour all from 2021 timelime" (Doc. No. 1 at PageID# 7, 9), to "cover up or hide corruption [Plaintiff] has clearly pointed out[,] [to] kidnap [Plaintiff's] son" (*id*. at PageID #1), "the kidnapping then incarceration" of Plaintiff, and "the blackmail of a sitting Judge who died" (*id*. at PageID# 3). According to Plaintiff, Hill "was attempting to trap [Plaintiff] into doing her home maintenance as her boyfriend while having hidden affairs . . . ." (*id*. at PageID# 1) and obstructed justice after being targeted by court officials to ruin Plaintiff's life and help kidnap his son.

The complaint next alleges that Defendants stalked him through "tracking and audio" in Illinois and Tennessee. (*Id*. at PageID 1, 3). The complaint alleges that the JTM Defendants burglarized his truck, are involved with the theft of his mail, violated his right to privacy, and were "illegally recording" him and were "tracking" the location of his phone and truck. (*Id*. at PageID# 3, 10). The complaint alleges that Plaintiff's medication "kept coming up missing." (*Id*. at PageID# 2). The complaint further alleges that Plaintiff suffered a "loss of employment." (*Id*. at PageID# 10).

As relief, the complaint seeks $250,000,000; for Defendants to "stop stalking" Plaintiff; the immediate termination of Kim Jenkins's[1] employment; and "for Defendants to understand their crimes against [Plaintiff] are extremely serious." (*Id*. at PageID# 5).

Reading the complaint in a light most favorable to Plaintiff, as is required at this stage of the proceedings, the complaint attempts to bring the following claims against Defendants: wrongful termination, stalking, conversion, denial of right to religion, kidnapping, entrapment, burglary, civil conspiracy, denial of equal protection, harassment, and violation of Plaintiff's

---

[1] Although the complaint does not name Kim Jenkins as a defendant to this action, it alleges that she "used what she learned against [Plaintiff] then stalked [Plaintiff's] sister again as bi-sexual using Adderall to attract." (Doc. No. 1 at PageID# 4).

3

right to privacy.

To the extent the complaint asks the Court to initiate criminal prosecutions of Defendants for violations of state law ("stalking," "harassment," "burglary," and "kidnapping")[2], the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this Court is without jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

Second, all but one of Plaintiff's federal claims are brought pursuant to Section 1983. "There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). Here, the complaint does not allege that any Defendant is or was a state actor at the times relevant to the complaint. A private actor (as opposed to a state actor) acting on his or her own cannot deprive a citizen of federal constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 185 (1978) ("most rights secured by the Constitution are protected only against infringement by governments"); *Hudgens v. NLRB*, 424 U.S. 507 (1976) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against

---

[2] *See* Tenn. Code Ann. § 39-17-308; Tenn. Code Ann. § 39-17-315; Tenn. Code Ann. § 39-13-1002.

abridgment by government, federal or state.")). And although a party need not be a government employee or institution to be considered a "state actor" for the purposes of Section 1983, *see Lansing*, 202 F.3d at 828, the complaint does not set forth any allegations suggesting that the court should consider any Defendant a state actor for purposes of Section 1983 analysis. Thus, the complaint's Section 1983 claims fail as a matter of law and must be dismissed.

With respect to termination of Plaintiff's employment, the complaint does not state that his termination was wrongful in any way, only that he suffered a "loss of employment." (Doc. No. 1 at PageID# 10). The complaint does not allege that any of the named Defendants are or were Plaintiff's employer. Nor does the complaint allege any relationship between Defendants and Plaintiff's previous employment, except that Defendant Hill told Plaintiff he was losing his job two months before he lost his job. (*Id.*) These allegations are insufficient to state a federal wrongful termination claim. Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

In any event, to the extent that Plaintiff may be asserting a cause of action under Title VII of the Civil Rights Act, Plaintiff has not submitted a right to sue letter along with his complaint. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 398 (6th Cir. 2001) (before filing suit in federal court

under Title VII, a plaintiff must first timely file a relevant charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") or corresponding state agency); 42 U.S.C. § 2000e-5(f)(1) (upon receipt of a notice of right-to-sue from the EEOC or corresponding state agency, the employee has 90 days in which to bring a federal action alleging violation of Title VII).

Finally, with respect to the complaint's state law tort claims, 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

*Id*. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id*. § (c)(3).

Having dismissed Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice, to be filed, if Plaintiff so chooses, in a Tennessee state court. The court makes no representations as to the timeliness or viability of such claims.

### III. CONCLUSION

For the reasons explained herein, the complaint fails to state Section 1983 and Title VII claims upon which relief can be granted as to all named Defendants. Those claims are **DISMISSED WITH PREJUDICE**.

The court declines to exercise supplemental jurisdiction over Plaintiff's state law tort claims. Those claims are **DISMISSED WITHOUT PREJUDICE**.

The Motion to Dismiss (Doc. No. 8) filed by Defendants Josh Tollett and Josh Tollett Masonry, though helpful to the court, is **DENIED AS MOOT** due to the outcome of the required screening of the in forma pauperis complaint.

Likewise, Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge